HERBERT LAW GROUP, LLC
John T. Herbert, Esq.
Attorney ID: 002291975
96 Engle Street
Englewood, New Jersey 07631
Office: (201) 490-4070
Facsimile: (201) 490-4077
jherbert@herbertlawllc.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Newark Division)

| | |
|---|---|
| MAXINE FACEY-CANNON, M.D, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF NEWARK, DEPARTMENT OF HEALTH AND COMMUNITY WELLNESS OF THE CITY OF NEWARK, DR. MARK J. WADE, MD, DIRECTOR OF THE DEPARTMENT OF HEALTH AND COMMUNITY WELLNESS OF THE CITY OF NEWARK AND JOHN/JANE DOES A THROUGH D, <br><br> Defendants. | Civil Action No.: <br><br> <u>COMPLAINT</u> |

COMES NOW PLAINTIFF, MAXINE FACEY-CANNON, M.D., by and through her attorneys, Herbert Law Group LLC, hereby files this Complaint and cause of action against DEFENDANTS CITY OF NEWARK, THE DEPARTMENT OF HEALTH AND COMMUNITY WELLNESS OF THE CITY OF NEWARK AND DR. MARK J. WADE, M.D., DIRECTOR OF THE DEPARTMENT OF HEALTH AND COMMUNITY WELLNESS OF THE CITY OF NEWARK and alleges as follows:

## NATURE OF THE ACTION

1) Plaintiff Maxine Facey-Cannon is an adult, African American female and a citizen of the United States of America and resident of the State of New Jersey, Township of South Orange, County of Essex.

2) City of Newark (referred to herein as "Defendant Newark") at all times herein mentioned is a city incorporated under the laws of the State of New Jersey and is the entity to which all city agencies report.

3) The Department of Health & Community Wellness of the City of Newark (referred to herein as "Defendant NDHCW" or "NDHCW") at all times herein mentioned is a government agency organized and existing under the laws of the State of New Jersey, with its principal place of business located at 920 Broad Street, Newark, New Jersey 07102.

4) Dr. Mark J. Wade, M.D. ("Defendant Wade") was Plaintiff's manager during Plaintiff's employment with Defendant Newark and continues to be employed as Director of Defendant NDHCW.

5) Defendant Newark, Defendant NDHCW and Defendant Wade are collectively referred to herein as Defendants.

6) At all times pertinent to this Complaint, Plaintiff was an "employee" of Defendant NDHCW and worked primarily at its facility located at 110 William Street, in Newark, in the County of Essex, within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII"), The Equal Pay Act of 1963 ("The Equal Pay Act") and Section 10:5-5(5) (f) of the New Jersey Law Against Discrimination ("LAD").

7) Plaintiff was hired on or about January 30, 2017 as a Senior Physician.

8) Plaintiff was employed by Defendants as a Senior Physician until her constructive termination on or about June 30, 2020.

9) Defendant NDHCW is a government agency that employs in excess of 200 employees.

10) At all times relevant to this lawsuit, Defendants were and are a "person" and an "employer" within the meaning of 29 U.S.C. Sections 630(a) and (b) and Sections 10:55(5)(a) and (b) of the LAD and Title VII.

11) At all times relevant to this lawsuit, Plaintiff was a regular full-time employee of Defendants.

12) Defendants John and Jane Does A-D are fictitious names; Plaintiff hereby reserves her is right to amend the Complaint as a result of pleading fictious parties. John and Jane Does A-D are individuals that may have discriminated against Plaintiff, but they are as yet unknown.

## JURISDICTION

13) Because Plaintiff asserts, gender and age discrimination along with retaliation claims arising under Title VII and The Equal Pay Act, this Court has jurisdiction over this controversy, the authority to empanel a jury to decide its facts, and the authority to order any and all appropriate legal and equitable relief for any violations of law found. Title 28 U.S.C. Section 1367(a) grants this Court jurisdiction to adjudicate Plaintiffs claims arising under LAD. Plaintiff hereby requests that the Court so assert this jurisdiction.

## VENUE

14) Pursuant to 28 U.S.C. Section 1391(b)(2), venue is proper in this Court because all of the events giving rise to Plaintiff's claims occurred in this Judicial District.

## PROCEDURAL HISTORY

15) On or about October 14, 2019, Plaintiff completed an Equal Employment Opportunity Commission ("EEOC") Charge ("Charge") and submitted it to the Director of the New Jersey District Office of the EEOC.

16) The Charge alleged gender and age discrimination and retaliation.

17) On or about August 24, 2020, the EEOC issued a Right to Sue Notice.

18) Plaintiff has filed this action within ninety (90) days of her receipt of the Right to Sue Notice from the EEOC

## STATEMENT OF FACTS

## UNLAWFUL GENDER BASED PAY DISCRIMINATION

19) Plaintiff is a 52-year-old African American female.

20) Plaintiff was hired by Defendants on or about January 30, 2017, as a Senior Physician. In her role, Plaintiff was to provide Internal Medicine services to eligible patients under the processes and procedures of Defendant Newark.

21) Dr. Kathy Ann Duncan, the previous Medical Director, hired Plaintiff at an annual salary of $156,138.00. Despite Plaintiff's job title, her responsibilities were principally supervisory, and she was evaluated accordingly by Dr. Duncan.

22) In or around June 2017, Mayor Ras Baraka appointed Defendant Wade as Director of the Department NDHCW.

23) In or around May or June 2017, Defendant Wade approached Plaintiff concerning their preparedness for an operational site visit that was scheduled for July 2017, but later was postponed to October 2017. Specifically, Defendant Wade asked Plaintiff to provide information regarding federally qualified health centers. Plaintiff was familiar with the

requirements requested by Defendant Wade because of her prior employment with the Paterson Community Health Center ("PCHC"), where she was employed for approximately six (6) years as Medical Director. PCHC was one of the federally qualified health centers in New Jersey that received a high evaluation score of 19 out of 19.

24) Because of Plaintiff's experience, Defendant Wade appointed Plaintiff as the Interim Medical Director on or about July 29, 2017.

25) On or about October 26, 2017, Defendant Wade informed Plaintiff that he planned to consider her for the position of permanent Medical Director, which would increase Plaintiff's salary from $156,138.00 to $175,000.00 per year. In addition, Defendant Wade told Plaintiff that after the operational site visit, her paperwork would reflect an annual salary of $175,000.00.

26) Notwithstanding the promised salary adjustment, Plaintiff's salary was adjusted to $170,000.00 per year in or around December 2017 and not the promised $175,000.00 adjustment. Plaintiff had been performing the Medical Director work under the impression that her new annual salary would be $175,000.00.

27) In addition, Plaintiff had to file a union grievance on or about March 6, 2018, to receive retroactive pay at the $170,000.00 level for the period commencing July 2017 through November 2017.

28) There are numerous examples of pay inequities for women under Defendant Wade's supervision. Specifically, Dr. Isabel Gonzalez, Theresa Wynn, Christine Lauren and Nicole Rondon.

    (a) Dr. Gonzalez was instrumental in updating the Pediatric Policy and Procedures for Defendant Newark and was a crucial component in preparing

for the Operational Site Visit of the U.S. Department of Health and Human Services. While Defendant Wade expressed his appreciation for Dr. Gonzalez's work, he declined to promote her with an appropriate pay increase.

(b) Theresa Wynn and Christine Lauren were given significantly more responsibility and promised pay increases that never occurred.

(c) Nicole Rondon, who had greater credentials, was paid significantly less than her male counterparts, specifically Daniel Levy and Joaquim Santos.

29) Defendant Wade had given significant pay increases to males at the expense of the women employed by Defendant NDHCW.

## HOSTILE WORK ENVIRONMENT & GENDER DISCRIMINATION

30) Plaintiff requested a meeting with Defendant Wade in early January 2018 to discuss her concerns regarding Jack Santos' inexperience and incompetence as a Chief Operating Officer and to request clarification of her responsibilities and authority in the position of Medical Director, as she was concerned that she would be held responsible for Mr. Santos' incompetence, specifically his failure to correctly complete his work and, at times, his total failure to complete the work at all.

31) In follow up to Plaintiff's meeting, she was told by Defendant Wade, on or about February 5, 2018, that she should be teaching Mr. Santos and that she should be meeting with him for fifteen (15) minutes every day. Defendant Wade became irate and belligerent, as he began to demand that Plaintiff essentially teach an unqualified and incompetent Mr. Santos how to do his job.

32) Mr. Santos' hiring is an example of how Defendant Wade has different standards for male and female employees and how differently he manages them.

33) Defendant Wade micromanaged the female staff and had been verbally abusive to Plaintiff and other female employees. For instance, in or around 2017 and 2018, Defendant Wade has engaged in abusive conduct, directed at or witnessed by Plaintiff, specifically during Manager Meetings.

34) Defendant Wade established unrealistic time frames for work assignments and maliciously excluded Plaintiff from Manager Meetings. Specifically, when Tracey Gray-Walker was given the title Chief of Staff, she informed Plaintiff that Defendant Wade wanted Plaintiff to see patients three (3) times a week, including Mondays, which is when Manager Meetings were held.

35) Defendant Wade undermined Plaintiff's authority and maliciously tried to compromise Plaintiff's effective leadership as Medical Director by not inviting her to crucial meetings regarding clinical and public health matters and by discussing issues with her subordinates and not with her.

36) Conversations Plaintiff had with Dr. Wade routinely took an aggressive and verbally abusive tone. Whenever Plaintiff attempted to communicate her thoughts and ideas, Defendant Wade ignored her or responded in a derogatory and unprofessional manner. Defendant Wade openly disregarded Plaintiff's input and treated other professional women in the same gender biased manner.

**COUNT ONE**
**GENDER DISCRIMINATION IN VIOLATION OF**
**TITLE VII of the CIVIL RIGHTS ACT OF 1964, THE EQUAL PAY ACT OF 1963**
**AND THE NEW JERSEY LAW AGAINST DISCRIMINATION**

37) Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-36 as though fully set forth herein.

38) By the conduct set forth in the Statement of Facts above, Defendants engaged in unlawful employment discrimination against Plaintiff on account of her gender in violation of Title VII, The Equal Pay Act and the LAD.

39) Defendant Wade regularly belittled women who demonstrated competence or who spoke out to protect the City of Newark and staff against his baseless directives. When challenged by a woman, he reacted in an aggressive and threatening manner that was verbally abusive.

40) Moreover, an analysis of the compensation of Defendant NDHCW's employees would reveal gross, gender-based salary inequities, including raises. In addition, Defendants treated male employees more favorably than Plaintiff. For example, male staff members, including Jack Santos, were given special privileges not provided to women.

41) As a direct and proximate result of the extreme, outrageous, malicious, willful and reckless conduct of Defendants, Plaintiff has suffered monetary loss, emotional distress, pain and anguish.

## COUNT TWO
### AGE DISCRIMINATION IN VIOLATION OF TITLE VII of the CIVIL RIGHTS ACT OF 1964 AND THE NEW JERSEY LAW AGAINST DISCRIMINATION

42) Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-41 as though fully set forth herein.

43) Plaintiff was over 40 years of age during the events that are the subject of this legal action. She was highly qualified to perform the functions of her job and in fact demonstrated her skills during her entire employment history with Defendants.

44) By the conduct set forth in the Statement of Facts above, Defendants engaged in unlawful employment discrimination against Plaintiff on account of her age in violation of Title VII and the LAD.

45) Specifically, Jack Santos, a male employee in his 20s was hired as Chief Operating Officer, with no experience or graduate level education. Plaintiff, a female in her 50s, with years of experience and graduate level medical education was told by Defendant Wade that it was her responsibility to teach Mr. Santos how to be an effective Chief Operating Officer. However, it was not Plaintiff's responsibility to do so, as Mr. Santos did not report to her.

46) As a direct and proximate result of the extreme, outrageous, malicious, willful and reckless conduct of Defendants, Plaintiff has suffered lost earnings and benefits along with emotional distress, pain and anguish.

## COUNT THREE
## RETALIATION

47) Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-46 as though fully set forth herein.

48) By the conduct set forth in the Statement of Facts above, Defendants engaged in unlawful retaliation against Plaintiff for attempting to discuss her concerns over Defendant Wade's behavior with Defendant Newark's Mayor, Ras Baraka, in an effort to obtain some relief from the constant discrimination and harassment.

49) As a direct and proximate result of the extreme, outrageous, malicious, willful and reckless conduct of Defendants, Plaintiff has suffered lost earnings and benefits along with emotional distress, pain and anguish.

## COMPENSATORY DAMAGES AND RELIEF REQUESTED

50) Plaintiff re-alleges all previous Paragraphs as though fully set forth herein.

51) All of Defendants' acts of unlawful discrimination against Plaintiff were intentional, willful and in reckless disregard of Plaintiff's legal rights and legitimate interests as a Citizen of the United States and a resident of the State of New Jersey and as a person who is entitled to the protections of their laws.

52) The effect of Defendants' unlawful gender and age discrimination, harassment and retaliatory practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected her life, status and promotional opportunities as an employee of Defendants.

53) As a direct result of Defendants' willful, wrongful, and unlawful acts in discriminating against Plaintiff on the basis of her gender and age and in retaliation and harassing her, Plaintiff has suffered severe emotional distress, depression, humiliation, embarrassment, and impaired self-esteem, and has sustained loss of various fringe benefits, and the diminution of her future earning power.

54) All of Defendants' unlawful acts committed against Plaintiff (that is, all harm inflicted on Plaintiff through malice rather than through negligence) were intentional, hostile, egregious, extreme, and outrageous, and were committed with malicious, willful, and/or reckless indifference to Plaintiff's rights under federal and state law.

55) As a direct and proximate result of the extreme, outrageous, intentional, hostile, malicious, willful, and reckless conduct of Defendants, Plaintiff has suffered severe emotional distress, pain, and anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the Court grant the following relief:

    A. Order Defendants to compensate Plaintiff for her damages in an amount to be proven at trial, and that such relief entail all forms, legal and/or equitable, recoverable under

Title VII, the LAD and the Equal Pay Act, including, but not limited to: front pay with prejudgment interest in an amount to be determined at trial, back pay, compensation for lost benefits and seniority, emotional distress, pain, suffering, and humiliation, attorneys' fees, expert witness fees, if applicable, and the costs of bringing this action, together with any applicable pre- and post-judgment interest.

      B.    Order Defendants to compensate Plaintiff for punitive damages.

      C.    Grant other such relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a trial by jury on all Counts.

Respectfully submitted,

*/s/John T. Herbert*                                                 November 20, 2020

_____            _____

John T. Herbert, Esq.                                                   Date
Attorneys for Plaintiff